**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PEARL L. MCANALLY,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 07-7010
(D.C. No. CIV-05-302-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Pearl L. McAnally appeals from an order of the district court affirming the

Commissioner's denial of her applications for Social Security disability and

supplemental security income benefits. Exercising jurisdiction under 42 U.S.C.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this appeal.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 405(g) and 28 U.S.C. § 1291, we affirm.

## I.

Plaintiff was born on August 29, 1944. She completed the tenth grade and one year of college and has prior work experience as a housekeeper. Plaintiff alleges that she has been unable to work since October 15, 2002, due to pain in her back, hips, and knees; arthritis; hypertension; vision problems; and skin problems.

After plaintiff's applications for benefits were denied initially and on reconsideration, a de novo hearing was held before an administrative law judge (ALJ) in May 2004. At the hearing, the ALJ heard oral testimony from plaintiff and a vocational expert (VE). Subsequently, in August 2004, the ALJ issued a written decision denying plaintiff's applications for benefits. In his decision, the ALJ went through the five-step sequential evaluation process for determining whether a claimant is disabled, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps), and the ALJ made several findings that are germane to the issues raised by plaintiff in this appeal.

First, at step two of the evaluation process, the ALJ found that "[t]he credible and objective evidence of record . . . establishes that the claimant has a history of degenerative joint disease with pain in her back, hips, and knees; hypertension, loss of vision, and skin problems that cause[] significant vocationally relevant limitations and are considered 'severe' impairments." Aplt.

-2-

App. at 17. Second, for purposes of steps four and five of the evaluation process, the ALJ found that, despite her severe impairments, plaintiff retained the residual functional capacity (RFC) to perform "a significant range of light work." *Id.* at 21. Consequently, the ALJ did not place any limitations on plaintiff's ability to perform light work.[1] Finally, given her RFC for light work and based on the hearing testimony of the VE, the ALJ found at both steps four and five of the evaluation process that plaintiff was not disabled, concluding that plaintiff's "medically determinable impairments . . . do not prevent her from performing her past relevant work as a Cleaner/Housekeeper and the other jobs listed by the vocational expert." *Id.* at 22-23. The ALJ explained his reasoning as follows:

> The claimant's past relevant work as a cleaner did not require the performance of work-related activities precluded by [her] residual functional capacity. She is able to perform the light jobs listed by the vocational expert such as her past relevant work as a Cleaner/Housekeeper. She could also perform other work in her residual functional capacity for light work such as a Short Order Cook. There are 1,300 in the region and 93,000 such jobs in the

---

[1] The controlling regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

national economy. She could perform work as a <u>Pantry Goods Maker</u>, which is considered light work, and there are 900 in the region and 111,000 in the national economy (20 CFR §§ 404.1565 and 416.965).

*Id.* at 22.

In May 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Plaintiff then filed a complaint in the district court. In December 2006, the magistrate judge entered a report and recommendation, recommending that the district court affirm the ALJ's denial of plaintiff's applications for social security benefits. In January 2007, the district court entered an order adopting the magistrate judge's recommendation and affirming the ALJ's decision. This appeal followed.

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the ALJ's decision only "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal*, 331 F.3d at 760.

**II.**

In this appeal, plaintiff argues that the ALJ erred by failing to formulate an RFC assessment that included all of her functional limitations. Plaintiff also argues that the ALJ erred by finding her capable of performing both her past relevant work (step four) and other work that exists in significant numbers in the national economy (step five). Having carefully considered plaintiff's arguments, we reject plaintiff's contention that the ALJ committed reversible error at step four when he assessed plaintiff's RFC and determined that she could perform her past relevant work as a housekeeper. We therefore affirm the ALJ's finding of nondisability at step four of the evaluation process, and we do not need to consider plaintiff's step-five arguments. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994) ( "[D]ue to the way the sequential analysis is structured, a proper finding of disability (at step three) or nondisability (at steps two, four, or five) is conclusive and, thus, cannot be overturned by consideration of a subsequent step.").

To begin with, we agree with the magistrate judge that, "[w]ith regard to [her] hypertension, loss of vision or skin problems, the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC [assessment] or discuss any evidence that would support the inclusion of any limitations." Aplt. App. at 245. In addition, although the ALJ found that plaintiff's degenerative joint disease is "an

-5-

impairment that would produce a certain amount of pain," *id.* at 21, the ALJ also concluded that plaintiff's pain is not "as severe as she indicates," *id.* In this appeal, plaintiff is not challenging the ALJ's adverse credibility determination, and, with the exception of the limitation discussed below pertaining to kneeling, crouching, and crawling, she has not identified any additional physical limitations that are associated with her degenerative joint disease and any related pain. Thus, plaintiff's challenge to the ALJ's RFC assessment collapses into a single argument, and that is her claim that the ALJ erred by failing to properly consider the limitation pertaining to kneeling, crouching, and crawling.

Carmen Bird-Pico, M.D. is the state agency medical consultant who determined that plaintiff has a limited ability to kneel, crouch, and crawl. As summarized by the magistrate judge:

> After reviewing the record, state agency physician Carmen Bird-Pico, M.D., completed a physical RFC assessment on the claimant in September 2003. Dr. Bird-Pico found that the claimant could lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and had unlimited push and/or pull except for that shown for lift and/or carry. Dr. [Bird-Pico] also noted, however, that the claimant could only occasionally kneel, crouch, or crawl [Aplt. App. at 148-55].

Aplt. App. at 245. Although the ALJ discussed Dr. Bird-Pico's RFC assessment in his decision, the ALJ did not discuss the limitation she imposed for kneeling, crouching, and crawling. *Id.* at 18-19.

Plaintiff argues that the ALJ committed reversible error by failing "to fully discuss the RFC assessment provided by agency consultative physicians." Aplt. Br. at 11. According to plaintiff:

> The RFC promulgated by the agency experts limits McAnally to medium work with only occasionally kneeling, crouching, or crawling. (Aplt. App. at 149-150). While the ALJ determines McAnally is capable of light exertional work, not medium, he fails to even mention the additional non-exertional restrictions imposed by the agency physicians. Failing to consider the report of a State Agency consultant is contrary to established law including Social Security Ruling 96-6p. Social Security Ruling 96-6p states that the ALJ may not ignore the opinions of consultative examiners and must explain the weight given to the opinions in their decisions. . . . This assessment by agency experts demonstrates that further limitations should have been included in McAnally's RFC.

*Id.*

Although "[a]dministrative law judges . . . are not bound by findings made by State agency or other program physicians," any such findings "must be treated as expert opinion evidence of nonexamining sources," and plaintiff is correct that ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *1, *2; *see also* 20 C.F.R. §§ 404.1527(f) and 416.927(f). We agree with the magistrate judge, however, that, even if the ALJ failed to comply with Social Security Ruling 96-6p, "any error in this regard was clearly harmless." Aplt. App. at 246. As the magistrate judge explained:

> At the hearing [before the ALJ], the claimant's attorney asked the VE a number of hypothetical question designed to determine what jobs

the claimant could perform with various medical conditions, including the limitation to only occasional kneeling, crouching, and crawling found by Dr. Bird-Pico. The VE indicated that none of the jobs claimant could perform (including her past work as a housekeeper) would be affected by such a limitation based on the [Dictionary] of Occupational Titles [Aplt. App. at 214-15]. *See* DICOT § 323.687-014 (cleaning/housekeeping) . . . . Thus, *even if* the claimant were limited to only occasional kneeling, crouching, and crawling, . . . that limitation would not affect any of the jobs the ALJ found she could perform. The failure by the ALJ to include the limitation found by Dr. Bird-Pico in the claimant's RFC was therefore harmless.

*Id.* at 246-47.

At step four of the evaluation process, "claimant bears the burden of proving his inability to return to his particular former job *and to his former occupation as that occupation is generally performed throughout the national economy*." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993) (emphasis added). Thus, as explained in Social Security Ruling 82-61, at step four,

a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform:
    1. The actual functional demands and job duties of a particular past relevant job; *or*
    2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61, 1982 WL 31387 at *2. Further, it is well established that "the agency accepts the [definitions in the *Dictionary of Occupational Titles* (4th ed. 1991)] as reliable evidence at step four of 'the functional demands and job duties' of a claimant's past job 'as it is usually performed in the national economy.'"

*Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999) (quoting SSR 82-61, 1982 WL 31387 at *2); *see also* 20 C.F.R. §§ 404.1566(d)(1) and 416.966(d)(1) (authorizing administrative notice of reliable job information found in the *Dictionary of Occupational Titles*).

As the VE testified at the hearing before the ALJ, *see* Aplt. App. at 212-15, to be able to perform her past relevant "light" work as a cleaner/housekeeper (DOT Code 323.687-014) as that job is generally performed in the national economy, plaintiff is only required to have the ability to "occasionally" kneel and crouch, and there is no requirement that plaintiff be able to crawl, *see Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, at 132 (DOT Code 323.687-014) (1993). As a result, the limitations imposed by Dr. Pico-Bird do not prevent plaintiff from performing her past relevant work as that work is generally performed in the national economy, and plaintiff has failed to offer any evidence or argument to rebut this conclusion. Accordingly, we hold that: (1) no reasonable administrative factfinder, following the correct analysis, could have resolved the step-four issues that are presented by this case in any other way; and (2) any failure of the ALJ to comply with the requirements of Social Security Ruling 96-6p was therefore harmless error. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing principle of harmless error in social security context).

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge