## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

ROBERT L. SAIZ,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 03-2168

### ORDER
Filed November 15, 2004

Before **SEYMOUR** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

Appellant's motion to publish the court's decision in this appeal is granted.

A copy of the published opinion is attached.  The panel found appellee's response

to be both untimely and unpersuasive.

Entered for the Court
PATRICK FISHER, Clerk

By:
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROBERT L. SAIZ,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 03-2168

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-01-858-JP/RHS)**

---

Submitted on the briefs:

Michael D. Armstrong, Albuquerque, New Mexico, for Plaintiff-Appellant.

David C. Iglesias, United States Attorney, Tina M. Waddell, Chief Counsel, Region VI, Michael McGaughran, Deputy Regional Chief Counsel, Linda H. Green, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before  **SEYMOUR** , Circuit Judge,   **BRORBY** , Senior Circuit Judge, and **HENRY** , Circuit Judge.

---

**PER CURIAM** .

Plaintiff Robert L. Saiz appeals from a district court order affirming the Commissioner's decision denying his application for social security benefits. We review the Commissioner's decision to determine whether it rests on substantial evidence and adheres to applicable legal standards. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). We hold that a significant nonexertional limitation (involving the sedentary plaintiff's ability to reach) precluded the Commissioner's conclusive reliance on the Medical-Vocational Guidelines (the "grids").[1] We therefore reverse and remand for reconsideration of plaintiff's application in conjunction with a particularized assessment of the vocational consequences of his specific combination of exertional and nonexertional limitations.[2]

Plaintiff claims that he is disabled primarily by degenerative disc disease affecting his cervical and lumbar vertebrae. The administrative law judge (ALJ) found that this condition limited plaintiff's residual functional capacity (RFC) to sedentary work, but rejected plaintiff's allegation that the associated pain further restricted his ability to work. The ALJ concluded that plaintiff was not disabled under the grids, based on the premise that plaintiff could perform a full range of

---

[1]    The grids are set out at 20 C.F.R. pt. 404, subpt. P, app. 2.

[2]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sedentary work.  The accuracy of that premise is the focus of this appeal, as it was the necessary and sufficient condition for application of the operative grid. *See, e.g., Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004).

**Use of Grid for Sedentary Work Precluded by Reaching Limitation**

Plaintiff contends his capacity for sedentary work is substantially reduced by two nonexertional limitations associated with his degenerative skeletal condition:  in particular, problems with cervical vertebrae limit his ability to reach with his upper extremities[3] and, more generally, pain he suffers interferes with his ability to work.  The ALJ expressly considered plaintiff's allegations of pain and, based on a range of factors, concluded that the pain involved did not affect plaintiff's capacity for sedentary work.  In contrast, the ALJ did not address the reaching limitation in even a facially logical manner.  In the body of his decision, the ALJ acknowledged a significant limitation on plaintiff's capacity for reaching, App. Vol. 1 at 14 (noting "no *significant* postural, manipulative or environmental limitations *except for reaching*") (emphasis added), but in the dispositive findings recited at the end of the decision this limitation is completely ignored without any explanation.  *See id.* at 20-21.

---

[3]      Reaching, though a physical activity, is characterized as nonexertional under the relevant regulations.     *See* 20 C.F.R. §§ 404.1569a(a), (c)(1)(vi), 416.969a(a), (c)(1)(vi).

The Commissioner attempts to fill the gap in the ALJ's decision by arguing that the reaching limitation has little support in the record. Not only is this effort undone by the obvious point that the ALJ himself noted the limitation, *see Allen*, 357 F.3d at 1143 (holding plain error evident when ALJ "ignored . . . restrictions that *he found*"), it is an inaccurate characterization of the evidence. The only RFC assessment in the record–completed by an agency physician whose "highly qualified" opinions the Commissioner elsewhere notes, correctly, must be given weight, Aplee. Br. at 15 (citing 20 C.F.R. §§ 404.1527(f), 416.927(f))–found plaintiff limited in "[r]eaching [in] all directions (including overhead)." App. Vol. 1 at 141. The physician based this limitation on upper extremity numbness and related neck pain caused by several cervical disc bulges. *Id.* at 140-41. These problems appear throughout the medical record. *See, e.g.*, *id.* at 134 (June 1996 report by Dr. Shibuya), 191 (November 1999 report by Dr. Bhasker), 196 (October 1996 report by Dr. Sloan). We therefore reject the Commissioner's effort to disavow a significant nonexertional limitation acknowledged by the ALJ and supported by substantial evidence.

The presence of this particular limitation, specifically in connection with a sedentary RFC, is not a technical or formalistic point. A sedentary RFC already "represents a significantly restricted range of work." Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *3. Thus, the Commissioner's guidelines not

only exclude the grids if there is "more than a slight impact on the individual's ability to perform the full range of sedentary work," they affirmatively recognize that "a finding of 'disabled' usually applies when the full range of sedentary work is significantly eroded." *Id.* at *3, *5. Hence, it is especially significant that reaching is "required in almost all jobs" and that a limitation in this regard "may eliminate a large number of occupations a person could otherwise do." SSR (Program Policy Statement) 85-15, 1985 WL 56857, at *7; *see Butler v. Barnhart*, 353 F.3d 992, 1000-01 (D.C. Cir. 2004) (citing SSR 85-15 for significance of reaching limitation in sedentary context and reversing ALJ decision that failed to properly account for evidence of such limitation).

This court has, on occasions too numerous to require citation, reversed determinations of nondisability for lack of the requisite match between RFC and grid conditions. We must do so again here. That holding obviates consideration of plaintiff's other challenges to the ALJ's use of the grids.

### Other Objections

Plaintiff raises a novel due process objection, based on an assurance he was given at the close of the evidentiary hearing when the ALJ said he "would get a favorable ruling from [the ALJ] in about two or three months," App. Vol. 1 at 53. Plaintiff contends that this assurance created a false sense of security that lulled him into believing further efforts in support of his application were unnecessary.

This contention is moot in light of our disposition here. Any false sense of security created by the ALJ 's assurance has since been dispelled, and plaintiff will presumably have an opportunity on remand to support his position with any evidence or argument previously foregone on that account.

Plaintiff criticizes the ALJ's pain assessment in several specific respects that have a relevance beyond his objection to use of the grids. These criticisms involve minor, perhaps individually non-dispositive points, but their facial merit gives pause. For example, the ALJ implied that plaintiff's pain was precipitated only by medium to heavy lifting, when the record indicates, rather, that plaintiff has continued to suffer constant pain after his cessation of any such activity. The ALJ also stated that the pain was well controlled by medication and exercise, when the record suggests that nothing plaintiff tried really relieved his pain. In this regard, we also note that plaintiff has now been found disabled (as of the day after the decision under review here) on a second application for benefits, and that favorable determination rested to a substantial extent on his "complain[ts] of severe pain and an inability to sustain work . . . supported and corroborated by the medical history and recent clinical findings." *See* Aplt. Reply Br., Ex. A. In light of these considerations, we encourage the Commissioner to ensure that a thorough reassessment of plaintiff's allegations of pain is made in conjunction with the administrative proceedings conducted on remand.

The judgment of the district court is REVERSED and the cause is REMANDED with directions to remand, in turn, to the Commissioner for further proceedings consistent with this opinion.