PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

SHAREE L. FISCHER-ROSS,

      Plaintiff-Appellee,

v.

    No. 04-3509

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellant.

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## (D.C. No. 03-CV-4162-JAR)

---

Submitted on the briefs:[*]

Pamela A. Kultgen, Assistant Regional Counsel, and Frank V. Smith, III, Chief Counsel, Social Security Administration, Region VII, Kansas City, Missouri; Eric F. Melgren, United States Attorney, and D. Brad Bailey, Assistant United States Attorney, Topeka, Kansas, for Defendant-Appellant.

Scott L. Johnson, Tilton & Tilton, Chtd, Topeka, Kansas, for Plaintiff-Appellee.

---

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BALDOCK**, Circuit Judge.

In Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996), we reversed a decision denying a Social Security claimant disability benefits because the administrative law judge (ALJ) "did not discuss the evidence or his reasons for determining that [claimant] was not disabled at step three" of the mandated five-part sequential evaluation process. Id. at 1008-1010. We concluded the ALJ's "bare conclusion [was] beyond meaningful judicial review." Id. at 1009. Relying on Clifton, the district court in this case held an ALJ's similarly terse step three analysis required reversal. The question for our consideration is whether Clifton requires reversal where the ALJ's factually substantiated findings at steps four and five of the evaluation process alleviates *any* concern that a claimant might have been adjudged disabled at step three. We hold that Clifton requires no such result. While we encourage ALJs to render complete findings and conclusions at each step of the five-part process consistent with §405(b)(1) of the Social Security Act (SSA), we reject a construction of Clifton that, based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings.

I.

Claimant Sharee Fischer-Ross suffers from carpal tunnel syndrome (a nerve disorder of the hands), lumbar spondylosis (a degenerative spine disorder), and allergic rhinitis (hay fever). Claimant filed this action in the district court seeking judicial review of Defendant Commissioner's denial of her request for disability benefits. See 42 U.S.C. § 405(g). In a thorough order, the district court reviewed each step of the ALJ's five-step analysis, reversed on the basis of insufficient findings at step three, and remanded for further proceedings. Commissioner appeals. We exercise jurisdiction under 28 U.S.C. § 1291. See 42 U.S.C. § 405(g) ("The judgment of the [district] court shall be subject to review in the same manner as a judgment in other civil actions."); Sullivan v. Finkelstein, 496 U.S. 617, 623-31 (1990) (construing § 405(g)). We review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence. Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001).

A.

The SSA defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration employs an oft-repeated five-part sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Williams v. Bowen, 844 F.2d 748, 750-53 (10th Cir. 1988). Step one requires a claimant to establish she is not engaged in "substantial gainful activity." See 20 C.F.R. §§ 404.1520(b), 404.1572. Step two requires the claimant to establish she has a "medically severe impairment or combination of impairments." See id. §§ 404.1520(c), 404.1520a-404.1523. Step three asks whether any "medically severe impairment," alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude "substantial gainful employment." See id. §§ 404.1525-404.1526 & pt. 404, subpt. P, App. 1. If listed, the impairment is conclusively presumed disabling. See id. § 404.1520(d) If unlisted, the claimant must establish at step four that her impairment prevents her from performing work she has previously performed. See id. § 404.1520(e), (f). If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other

-4-

work in the national economy in view of her age, education, and work experience.

See id. § 404.1520(g).

B.

In this case, the ALJ concluded at step one that Claimant was not engaged in "substantial gainful employment."[1] The ALJ concluded at step two that Claimant had a combination of "medically severe impairments," namely, carpal tunnel syndrome, lumbar spondylosis, and allergic rhinitis. At step three, the ALJ concluded "a review of the medical evidence fails to reveal the existence of an impairment or combination of impairments which specifically meets or equals the criteria of any impairment listed in . . . the Listing of Impairments." Proceeding to steps four and five, the ALJ concluded in alternative determinations that Claimant was not disabled because under step four she retained the residual functional capacity (RFC) to perform both her past work as a cashier/checker and desk clerk and under step five retained the RFC to perform various other clerical and office jobs. See Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994) (recognizing the benefit of alternative determinations in the social security review process). Specifically, the ALJ found plaintiff's RFC allowed her–

> to perform the physical and exertional and nonexertional requirements
> of work except for lifting more than 20 pounds maximum or 10
> pounds repeatedly. She was able to stand or walk for six hours in an

---

[1] Despite his step one finding, the ALJ expressed concern over Claimant's lack of candor regarding her employment on a farm during a portion of the period of her alleged disability: "The claimant's failure to list this full time job and her denial of performance of this full time job are strong indications, among others, that the claimant ha[s] not been completely forthright in providing information to the Social Security Administration."

8-hour workday. She was able to sit up to six hours with normal breaks in an 8-hour workday. She could occasionally climb stairs, balance, stoop, crawl, crouch and kneel. She should perform no repetitive alternating motions with her hands, especially her right dominant hand. She can grip 28 pounds on the right and 20 pounds on the left.

## C.

The Commissioner unsuccessfully challenged the ALJ's step one finding in the district court and does not renew her objection to that finding here. The Commissioner similarly poses no objection to the district court's decision upholding the ALJ's step two findings. The controversy arises at step three. Relying on Clifton, Claimant successfully argued in the district court that the ALJ committed reversible error when he failed to discuss the particular evidence on which he relied to reach his step three conclusion. While recognizing an ALJ's failure to make specific step three findings might be harmless, the district court concluded otherwise in this case:

> Because the record contains nothing more than a summary conclusion that [Claimant] did not meet a listed impairment, this Court is unable to ascertain whether a reasonable fact finder would have decided otherwise. The Court cannot determine what evidence or Listing the ALJ considered, nor how he analyzed the evidence. Therefore the Court must remand for the ALJ to make further findings at step three of the sequential evaluation process.

After holding the ALJ's summary analysis at step three was inadequate, the district court considered Claimant's objections to the ALJ's findings at steps four and five. The court rejected those objections, thereby upholding the ALJ's

-7-

determination that Claimant's RFC enabled her to perform a significant number of occupations.[2]  According to the district court, if on remand the ALJ provided a sufficiently explicit rejection of Claimant's disability claim at step three, benefits would stand properly denied because the court "ha[d] concluded that [the ALJ's] analysis of steps four and five was supported by substantial evidence."

II.

On appeal, the Commissioner contends the ALJ's evaluation of the evidence and specific findings at steps four and five of the sequential process preclude any favorable ruling for Claimant at step three, thereby making the district court's remand an unwarranted formality.  Notwithstanding her step three burden to present evidence establishing her impairments meet or equal listed impairments,

---

[2]  Claimant has not challenged by way of cross-appeal that portion of the district court's decision pertaining to steps four and five.  In the district court, Claimant unsuccessfully objected to the ALJ's findings at steps four and five.  Claimant attempts to renew that objection here.  Claimant's failure to take a cross-appeal, however, precludes our review.  See Jones v. Apfel, 2000 WL 3875, at **1 (10th Cir. 2000) (unpublished) (citing Massachusetts Mut. Life Ins. Co. v. Ludwig, 426 U.S. 479, 480-81 (1976) (per curiam)).  While an appellee may generally, without taking a cross appeal, urge in support of a decree any matter appearing in the record, an appellee claiming error "may not attack the decree with a view either to enlarging h[er] own rights thereunder or of lessening the rights of h[er] adversary."  Ludwig, 426 U.S. at 480-81.  In attacking the ALJ's determination at steps four and five that she was not disabled, Claimant impermissibly seeks to enlarge her own rights as determined by the ALJ (and upheld by the district court), and thus lessen the rights of the Commissioner.  In other words, any determination at step four or five that Claimant was disabled would render the Commissioner's step three appeal meaningless.

see Burnett v. Commissioner, 220 F.3d 112, 120 n. 2 (3d Cir. 2000), Claimant does not respond to the substance of the Commissioner's argument.[3] Rather, Claimant argues our decision in Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996) requires reversal whenever an ALJ's discussion of the evidence in reference to the step three listings is insufficiently detailed. The Commissioner in turn argues Claimant seeks to unduly expand Clifton's holding into a per se rule that leads to purely formalistic remands unjustifiably prolonging administrative proceedings. We reject Claimant's reading of Clifton and agree with the Commissioner that an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.

A.

In Clifton, we construed 42 U.S.C. § 405(b)(1) as *requiring* an ALJ "to discuss the evidence and explain why he found that [a claimant] was not disabled at step three." Id. at 1009.[4] Thus, the ALJ, here and in Clifton, erred in failing to

---

[3] This is  not  to say a claimant has the burden at step three of actually identifying any relevant listing. In   Clifton , we appeared to place the burden on the ALJ to identify any relevant listing(s) in light of the evidence which a claimant has produced.  Clifton , 79 F.3d at 1009 (noting the ALJ did not "even identify" the relevant listing(s));   see also  Burnett , 220 F.2d at 120 n.2 (discussing reasons for relieving a claimant of the burden of specifically identifying relevant listings).

[4] Section 405(b)(1) reads in relevant part:

(continued...)

do so.  But Clifton did not categorically reject the application of harmless error analysis in the present context.  To be sure, we apply harmless error analysis cautiously in the administrative review setting.  But as we explained in Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004), harmless error analysis "nevertheless may be appropriate to supply a missing dispositive finding . . . where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."

Clifton does not remotely suggest that findings at other steps of an ALJ's analysis may *never* obviate  the lack of detailed findings at step three.  Clifton sought only to ensure sufficient development of the administrative record and explanation of findings to permit meaningful review.  The only finding mentioned in Clifton was an RFC for "a limited range of sedentary" work.  Clifton, 79 F.3d at 1009.  This isolated finding, unlike the ALJ's far more substantial RFC findings here, does not suggest an explicit, definitive basis for rejection of the listings.  See

---

[4](...continued)

    The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter.  Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based. . . .

Saiz v. Barnhart, 392 F.3d 397, 400 (10th Cir. 2004) (noting "[a] sedentary RFC already represents a significantly restricted range of work" and, thus, "a finding of disabled usually applies when the full range of sedentary work is significantly eroded" (internal quotations omitted)). Thus, Clifton properly held the ALJ's bare conclusion in that case precluded meaningful review.

But where an ALJ provides detailed findings, thoroughly reviewed and upheld by the district court, that confirm rejection of the listings in a manner readily reviewable, requiring reversal would extend Clifton beyond its own rationale.[5] Neither Clifton's letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review. Whether the ALJ's findings at steps four and five justify his step three conclusion in this particular case is the question to which we now turn.

B.

The ALJ's RFC determination summarized above was based on carpal tunnel syndrome, lumbar spondylosis, and allergic rhinitis. Carpal tunnel syndrome is an entrapment neuropathy of a peripheral nerve. See Dorland's

---

[5] Notably, at least two other circuits have declined to review an ALJ's conclusory determination at step three in an isolated manner separate from the rest of the ALJ's decision. Instead, these courts have upheld such determinations on the basis of evidence and findings set out in connection with other steps in the analysis. See Rice v. Barnhart, 384 F.3d 363, 370 & n.5 (7th Cir. 2004); Jones v. Barnhart, 364 F.3d 501, 503-05 (3d Cir. 2004).

Illustrated Medical Dictionary (Dorland's), at 1212 (29th ed. 2000). Thus, carpal tunnel syndrome falls under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14 (Peripheral neuropathies). Presumptive disability at step three requires "disorganization of motor function as described in 11.04B in spite of prescribed treatment," i.e., "[s]ignificant and persistent disorganization of motor functions in two extremities, resulting in sustained disturbance of gross and dexterous movements." Id.

The ALJ's RFC findings at step four and five clearly reject any notion that Claimant suffers from "persistent disorganization of motor functions in two extremities." See supra, at 5-6. Claimant can lift 20 pounds maximum and 10 pounds repeatedly, and grip 28 pounds on the right and 20 pounds on the left. Claimant is restricted only from performing "repetitive alternating motions with her hands, especially her right dominant hand." Mindful that the purpose of the listings is to identify impairments "severe enough to prevent a person from doing any gainful activity," 20 C.F.R. § 404.1525(a), the ALJ's findings regarding the functionality of Claimant's upper extremities allow Claimant to perform a wide range of gainful activities. In other words, the ALJ's findings do not approach the level of severity required to render Claimant presumptively disabled under § 11.14.[6] Indeed, the ALJ specifically discredited Claimant's "allegations of hand

_____

[6]    Similarly, Claimant's condition could not equal the musculoskeletal listing

(continued...)

-12-

or arm problems which significantly diminish her work capabilities," due to the absence of persistent complaints in the medical record.

Claimant's lumbar spondylitis would fall under the listing for disorders of the spine. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. The criteria for this listing require nerve root compression resulting in limited range of motion and motor loss with muscle weakness, id. § 1.04A; arachnoiditis with severe burning or painful dysesthesia resulting in the need for postural changes more than once every two hours, id. § 1.04B; or spinal stenosis resulting in the inability to ambulate effectively, id. § 1.04C. Again, the ALJ's RFC findings–particularly the finding Claimant retains the primary postural capacities, i.e., sitting, standing, walking, for sedentary, light, and even medium work, as well as the ability to lift at the light RFC level and to stoop, crawl, crouch and kneel occasionally–conclusively negate the possibility of any finding that Claimant is presumptively disabled under the pertinent listing. See Social Security Ruling 83-10, 1983 WL 31251, at *5-*6.

Finally, the only listing potentially relevant to allergic rhinitis (hay fever) is that for respiratory system impairments. See 20 C.F.R. Pt. 404, Subpt. P, App. 1,

_____

[6](...continued)
for major dysfunction of an upper extremity peripheral joint, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02B, which requires the "inability to perform fine and gross movements effectively as defined in 1.00B2c," i.e., "an extreme loss of function of both upper extremities . . . that interferes very seriously with the . . . ability to independently initiate, sustain, or complete activities."

§§ 3.00 - 3.11.[7] This listing includes such conditions as chronic pulmonary insufficiency, asthma, cystic fibrosis, pneumoconiosis, bronchiectasis, chronic persistent infection of the lung, sleep-related breathing disorders, and lung transplant, all of which are obviously far more serious than hay fever. More importantly, the listing sets out exacting criteria, involving pulmonary function limitations, blood-gas deficiencies, and episodes of intensive medical intervention (typically hospitalization), that are simply not present in the medical record.[8]

### III.

In sum, the ALJ's confirmed findings at steps four and five of his analysis, coupled with indisputable aspects of the medical record, conclusively preclude Claimant's qualification under the listings at step three. No reasonable factfinder could conclude otherwise. Thus, any deficiency in the ALJ's articulation of his reasoning to support his step three determination is harmless. Accordingly, the

---

[7]     The section on immune system listings directs that allergic disorders are to be evaluated under the appropriate listing for the affected body system, here the respiratory system.    See 20 C.F.R. Pt. 404, Subpt. P, App.1,    § 14.00(C)

[8] We further note nothing in the medical evidence Claimant presented links her impairments to one another or remotely suggests that her impairments, considered in the aggregate, might satisfy a step three listing.    See Angel v. Barnhart  , 329 F.3d 1208, 1211-12 (10th Cir. 2003) (rejecting claimant's argument that the ALJ failed to consider her impairments "in combination").

judgment of the district court is REVERSED, and the underlying administrative

determination is AFFIRMED.[9]

---

[9] The Commissioner's motion to include the parties' briefs in the appendix is denied as moot.