FILED
United States Court of Appeals
Tenth Circuit

December 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDA MORGAN,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 08-7076
(D.C. No. 6:07-CV-166-RAW-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Pro se plaintiff-appellant Linda Morgan appeals the district court's

affirmance of the Commissioner's determination that she was not disabled

between October 31, 1989, her alleged onset of disability date, and December 31,

1994, her date last insured. In his decision, the Administrative Law Judge (ALJ)

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determined that through the date last insured Mrs. Morgan had two severe impairments, major depression and generalized anxiety disorder. The ALJ determined that Mrs. Morgan had no past relevant work before the expiration of her date last insured, but found that she had the residual functional capacity (RFC) "to understand, remember, and carry out simple and some complex tasks," that "[s]he required minimal contact with the public," and that "[s]he was able to adapt and adjust to work related pressures." Aplee. App., Vol. II at 21. The ALJ therefore found at step five of the sequential evaluation that Mrs. Morgan retained sufficient RFC to perform work in the national economy. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (outlining the five-step procedure). The Appeals Council denied review, making the ALJ's decision the final decision of the agency. *See* 20 C.F.R. § 404.981. The district court, adopting a magistrate judge's report and recommendation, affirmed the Commissioner's decision. Mrs. Morgan has appealed, filing a nine-page brief alleging seven points of error.

We have jurisdiction over her appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Generally, "[w]e review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (quotation omitted). But Mrs. Morgan's brief points to only one *specific* claimed error, arguing district court error in failing to properly take into account medical records attached to two court filings.

The ALJ had determined that Mrs. Morgan's alleged fibromyalgia was not a "severe impairment." Aplee. App., Vol. II at 20. The ALJ found that "the file lacks a formal diagnosis of fibromyalgia or any discussion of the problem by a treating source," that "Ms. Morgan's list of medications does not include any anti-inflammatory medications," and that "[t]he hearing notes give no indication that the claimant discussed having fibromyalgia before or after the expiration of her date last insured." *Id.* The medical records presented to the ALJ covering the period of time between her alleged onset of disability date and her date last insured did not reference fibromyalgia.

On appeal to the district court, Mrs. Morgan submitted two medical records dated from October 24, 1994, and December 21, 1994, showing that she *had* been treated for fibromyalgia at that time. She argues to this court that the *district court* failed to properly consider those records. The district court has the power, when reviewing final decisions of the Commissioner, "to enter, *upon the pleadings and transcript of the [administrative] record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). Further, the district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Here, Mrs. Morgan does not assert on appeal, and did not assert in the district court, that these records were ever presented to the ALJ or the Appeals Council, nor does she assert that there was good cause, or any cause, for the apparent failure to present the records at the administrative level. Thus, the district court did not err in not considering them.[1]

Mrs. Morgan's remaining six points do no more than generally allege that the ALJ erred in denying disability. She seems to argue that the ALJ's finding of no disability was inherently contradicted by his step two determination, supported by a Psychiatric Review Technique (PRT) form finding, that her depression and anxiety were "severe" impairments. If Mrs. Morgan is arguing that a person who is found to have "severe" impairments at step two of the sequential evaluation is per se disabled, she is incorrect, otherwise the sequential evaluation would be a two-step test. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (holding that "although a severe impairment must significantly limit an individual's physical or mental ability to do basic work activities, . . . this is a de minimus showing at step two of the five-step process" (quotation and citation omitted)).

Further, Mrs. Morgan further seems to argue that her disability was proven by the fact that the PRT form showed that her depression and anxiety resulted in

---

[1] We note the records in question are very general and make no reference to the severity of Mrs. Morgan's symptoms.

"moderate" (1) restrictions of daily living; (2) difficulties in maintaining social functioning; and (3) difficulties in maintaining concentration, persistence, or pace. Findings of "moderate" limitations do not, by themselves, prove disability. *See* 20 C.F.R. Part 404, Subpart P, App. 1 §§ 12.04 (Affective Disorders) & 12.06 (Anxiety Related Disorders) (showing that "marked," not "moderate," is the applicable limitation level in determining disability under the regulations).

Finally, Mrs. Morgan summarily argues that the RFC found by the ALJ was "contradictive." Aplt. Opening Br. at 5, 7. This is not a reasoned argument and provides no basis for review, even when Mrs. Morgan's pro se status is taken into account. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (holding that we liberally construe pro se litigant filings).[2]

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2] We note that we have examined Mrs. Morgan's pro se district court filings to determine whether they could shed any light on her appellate arguments. Those filings show a similar level of generality.