FILED
United States Court of Appeals
Tenth Circuit

August 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEFFREY ALAN MCFERRAN,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

Defendant-Appellee.

No. 10-7095
(D.C. No. 6:09-CV-00370-FHS-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit
Judges.

Jeffrey Alan McFerran appeals from a judgment of the district court

affirming the Commissioner's denial of his application for Social Security

disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 405(g). Because the Commissioner failed to follow the correct legal standards in denying benefits, we reverse and remand for further proceedings.

**I.**

Mr. McFerran, a 40-year-old Air Force veteran, sought disability benefits based on degenerative disc disease of the lumbar and cervical spine and associated pain; coronary artery disease; hypertension; obesity; postsurgery hernia, knee, and shoulder limitations; depression; and anxiety. He had worked as a postal service clerk for 15 years before his alleged disability-onset date, February 13, 2007. Applying its own standards, the Veterans Administration (VA) had determined that Mr. McFerran was "entitled to receive service connected compensation at the 100 percent rate effective February 10, 2007." Admin. R., Vol. 3 at 252.

Mr. McFerran takes medications for high blood pressure, back pain, chronic pain, high cholesterol, depression, and anxiety. In his testimony he asserted that back pain is his most significant limitation. He spends most of his day in a recliner and must constantly adjust his position. He uses a TENS unit daily and often uses a cane to move about the house. To assist his wife in running the household, he helps his four-year-old daughter get ready for preschool and folds laundry. He claimed that he could sit upright for at most ten minutes and walk without a cane for about five minutes. With regard to mental impairments, Mr. McFerran testified that he has memory problems as a result of his

medications and that it takes a force of will for him to leave home. The medical records indicate that he has been treated for depression and anxiety.

The Administrative Law Judge (ALJ) denied benefits at the last step of the five-step sequential process for determining disability. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining the five steps). At step two the ALJ found that Mr. McFerran had multiple severe physical impairments, but that his medically determinable mental impairments of depression and anxiety were not severe because they caused only mild or "minimal limitation in [his] ability to perform basic mental work activities." Admin. R., Vol. 2 at 17.

At step three the ALJ found that none of the identified impairments or a combination of impairments met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then assessed Mr. McFerran's residual functional capacity (RFC), and at step four determined that (1) he could perform a range of sedentary work as long as his overhead lifting was restricted to accommodate his shoulder impairment but (2) he could not perform his past relevant work as a postal clerk. The ALJ found Mr. McFerran's testimony characterizing the extent of his pain and mental impairments to be not entirely credible.

Relevant to step five, a vocational expert responded to a hypothetical question describing an individual able to perform a range of sedentary work, but with an above-shoulder-level restriction. The expert testified that there were

other jobs in significant numbers in the regional and national economy that the individual could perform. Based on this testimony the ALJ found that Mr. McFerran's RFC allowed him to perform a significant number of jobs in the national economy, and therefore concluded that he was not disabled and denied his application for benefits. The Appeals Council denied review, making the ALJ's decision the final agency decision. The district court affirmed.

On appeal to this court, Mr. McFerran does not challenge the ALJ's finding at step two that his mental impairment is not severe. Rather, he asserts that the ALJ's credibility determination was improper; that the ALJ should have taken his mental impairment into account when determining his RFC and crafting hypothetical questions for the vocational expert; and that the ALJ failed to consider and evaluate his VA 100% disability rating.[1]

**II**.

"We independently review the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence." *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). We do "not reweigh the evidence or substitute our judgment for the Commissioner's." *Hackett v.*

---

[1] This court's review is "limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011) (internal quotation marks omitted). The above listing of issues disregards Mr. McFerran's stray allegations of error based on the treating-physician rule and the ALJ's step-three analysis. *See* Aplt. Br. at ii, 6, 17.

*Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). But an ALJ's failure "to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**A.      Credibility Determination, Evaluation of Mental-Impairment Evidence, and Limitation in Hypothetical Question**

First, Mr. McFerran argues that the ALJ's adverse credibility determination was not in accordance with the correct legal standard. "Credibility determinations are peculiarly the province of the finder of fact," *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted), and our precedent "does not require a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (alteration and internal quotation marks omitted). "However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler,* 68 F.3d at 391 (alteration and internal quotation marks omitted).

The ALJ's decision sets forth the criteria for evaluating allegations of symptoms and credibility, summarizes portions of Mr. McFerran's testimony, and restates entries in the medical record. But it provides no explanation of how the ALJ applied the criteria to the testimony and medical records. The decision does

not "contain specific reasons for the finding on credibility, supported by the evidence in the case record" and is not "sufficiently specific to inform subsequent reviewers of both the weight the ALJ gave to a claimant's statements and the reasons for that weight." *Hayden v. Barnhart*, 374 F.3d 986, 992 (10th Cir. 2004) (internal quotation marks omitted). The ALJ's ultimate credibility determination is a singularly unhelpful sentence: "[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." Admin. R., Vol. 2 at 20. We agree with Mr. McFerran that the ALJ's credibility assessment must be set aside.

The ALJ's errors in the credibility assessment necessarily affect the RFC determination. "Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined." *Poppa*, 569 F.3d at 1171. If the ALJ reaches a different credibility assessment on remand, it may be necessary to revise Mr. McFerran's RFC. *See id.*

The ALJ's RFC assessment and step-five determination are also defective for other reasons. An ALJ must "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC]." 20 C.F.R. § 404.1545(e). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it

-6-

may–when considered with limitations or restrictions due to other impairments–be critical to the outcome of a claim." SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). And the hypothetical questions posed to a vocational expert to assist with the step-five determination must reflect with precision "all . . . those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).

At steps four and five of the sequential evaluation process, however, the ALJ made no findings on what, if any, work-related limitations resulted from Mr. McFerran's nonsevere mood disorder and chronic pain. He did not include any such limitations in either his RFC determination or his hypothetical question. Nor did he explain why he excluded them.

In sum, we cannot conclude that the Commissioner applied the correct legal standards in evaluating Mr. McFerran's credibility, assessing an appropriate RFC, and posing a proper hypothetical question to the vocational expert. We must remand for the agency's additional consideration of these issues.

## B.  Consideration of VA Disability Rating

Mr. McFerran next argues that the ALJ committed reversible error by not giving enough weight to the VA's disability rating and by not discussing that rating more fully. "[A]lthough findings by other agencies are not binding on the Commissioner, they are entitled to weight and must be considered." *Hackett*, 395 F.3d at 1172 (alteration and internal quotation marks omitted); *see also*

20 C.F.R. § 404.1512(b)(5) (stating that agency will consider "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled").

The record demonstrates that the ALJ examined the VA medical records and acknowledged the VA's 100% disability rating. *See* Admin. R., Vol. 2 at 20 ("[C]onsideration of the Veteran[s] Administration rating has been considered."). This court's "general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett*, 395 F.3d at 1173. Moreover, Mr. McFerran "has not pointed to any specific factual finding or evidence in the [VA] determination that should have changed the [ALJ's] decision." *Id.* Although the Commissioner may decide to give fuller consideration to the VA rating on remand, we reject this claim of error.

## III.

The judgment of the district court is REVERSED and REMANDED with instructions to remand to the Commissioner for further proceedings in accordance with this Order and Judgment.

Entered for the Court

Harris L Hartz
Circuit Judge