FILED
United States Court of Appeals
Tenth Circuit

November 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL HOWARD TILLEY,

      Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
Social Security Administration,

      Defendant–Appellee.

No. 12-7021
(D.C. No. 6:10-CV-00355-FHS-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Paul Howard Tilley, proceeding pro se, appeals from the district court's order

upholding the Commissioner's decision that his supplemental security income

("SSI") should be reduced by the amount of his disability insurance benefits ("DIB").

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"We review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005).

In 2007, Tilley was awarded both SSI and DIB by an administrative law judge ("ALJ"). However, 42 U.S.C. § 1382a(b) requires that SSI be reduced by certain types of other income that are not specifically excluded. See also 20 C.F.R. § 416.413. DIB funds are considered income that must be offset from SSI benefits. 42 U.S.C. § 1382a(a)(2)(B); see also 20 C.F.R. §§ 416.1121, 416.1124. Accordingly, the agency reduced Tilley's SSI benefits by the amount of his DIB funds. Tilley objected and asked for a formal hearing before an ALJ.

Prior to the hearing, Tilley submitted a list of witnesses that he wanted to call. He included the president, several members of Congress, and various national and local television reporters and anchors. Declining to subpoena any of the witnesses, the ALJ explained that "looking at the nature of the appeal there was no reason to [issue the subpoena] . . . . I don't see . . . a mistake." The ALJ denied the appeal and the Appeals Council denied review.

Tilley filed a complaint in district court. The magistrate judge to whom the matter was referred issued a report and recommendation to affirm the ALJ's decision. Over Tilley's objections, the district court adopted the magistrate judge's report and recommendation. This appeal followed.

There is no question that the ALJ correctly applied the law in upholding the Commissioner's decision that Tilley's SSI should be reduced by his DIB. Further, Tilley has failed to explain how the ALJ's refusal to subpoena his witnesses violated his due process rights. Finally, because our review is limited to whether the ALJ's decision is supported by substantial evidence and whether he correctly applied the law, we lack the authority to investigate Tilley's claims of illegal surveillance or to interview witnesses.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge