FILED
United States Court of Appeals
Tenth Circuit

March 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CORD HOWARD LUNDGREN,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[*]

      Defendant-Appellee.

No. 12-5080
(D.C. No. 4:10-CV-00501-JHP-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

Cord Howard Lundgren appeals from a judgment of the district court affirming

the Commissioner's denial of his application for social security disability benefits.

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

At the time of the agency proceedings, Mr. Lundgren was 42 years old. He applied for disability insurance benefits claiming he had been unable to engage in substantial gainful employment since July 19, 2007, due to major depressive disorder and post-traumatic stress disorder (PTSD). His claim was denied initially and on reconsideration. He requested and received a hearing before an Administrative Law Judge (ALJ) on July 15, 2009. After reviewing the evidence and hearing testimony from Mr. Lundgren and a vocational expert (VE), the ALJ found that Mr. Lundgren suffered from the severe impairments of major depressive disorder and PTSD. The ALJ then determined that Mr. Lundgren had "the physical residual functional capacity to perform a full range of medium work," and that he could "understand and carry out simple instructions under routine supervision[,] relate to coworkers and supervisors and adapt to a work situation." Aplt. App. Vol. II at 21. Although recognizing his severe impairments, the ALJ nonetheless found that Mr. Lundgren could "remain attentive and carry out work assignments." *Id.* Based on his residual functional capacity assessment, the ALJ concluded that Mr. Lundgren could not perform his past work, but he could perform several jobs identified by the VE that exist in significant numbers in the national economy. The ALJ therefore determined at step five of the controlling five-step sequential evaluation process, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005), that Mr. Lundgren was

not disabled under the Social Security Act. The Appeals Council denied review and the district court affirmed.

On appeal to this court, Mr. Lundgren asserts (1) the ALJ erred in not obtaining a consultative examination and in failing to give an explanation, (2) the ALJ improperly evaluated the opinion of licensed professional counselor Daniel Hoffman, and (3) the ALJ erred in discounting his credibility.

Mr. Lundgren worked as a firefighter, EMT, and rescue worker in many disasters, including the 1995 Oklahoma City bombing and Hurricane Katrina in 2005. He also trained other rescue workers. In July of 2007, while working in Texas, he was hospitalized following an incident wherein his arms would not move, his speech was slowed, and he just sat and stared. The cause was unknown, but it was probably due to extreme exhaustion and stress. He was flown home to Oklahoma, where he initially received treatment from Mel Whittington, Ph.D., and then was treated at Family and Children's Services. The most recent treatment note from Family and Children's Services dated October 8, 2008, indicated that Mr. Lundgren had demonstrated progress, his depressive and anxiety symptoms had improved, he had less frequent nightmares and flashbacks, and he reported "positive coping behaviors and improved social interactions." Aplt. App. Vol. II at 298. In addition, Mr. Lundgren had taken a part-time job as a volleyball coach.

On April 2, 2008, Paul Cherry, Ph.D., completed a Psychiatric Review Technique form and a Mental Residual Functional Capacity form for Mr. Lundgren.

Dr. Cherry opined that even though Mr. Lundgren was moderately limited in some areas, he could complete simple and complex tasks under routine supervision and relate to coworkers and supervisors, as well as tolerate some involvement with the general public. Licensed professional counselor Daniel Hoffman prepared a form for "Work-Related Activities (Mental)" on June 5, 2008. He opined that Mr. Lundgren had several marked limitations in his ability to work and indicated that he was not "able to return to a competitive working environment." *Id.* at 300-01.

## II.  Discussion

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether she applied the correct legal standards. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271-72 (10th Cir. 2009) (internal quotation marks omitted).

We first address Mr. Lundgren's claim that the ALJ should have granted his counsel's request for a consultative mental evaluation. He argues that such an examination would have been helpful given that the ALJ did not discuss all of the evidence and he rejected Mr. Hoffman's opinion as that of a non-acceptable medical source. Mr. Lundgren apparently assumes that because the ALJ did not discuss each piece of evidence, he did not consider it. It is well-established, however, that an ALJ

is not required to "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. The ALJ's failure to discuss each piece of evidence does not mean that he found the evidence irrelevant or that he lacked sufficient evidence to make a decision on the issue of disability. Moreover, "[w]here, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word." *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (alteration and internal quotation marks omitted).

Mr. Lundgren also argues that the ALJ should have ordered a consultative examination by an acceptable medical source because he rejected Mr. Hoffman's opinion as that of a non-acceptable medical source. But the ALJ relied on other, current evidence, including evidence from Dr. Cherry, an acceptable medical source, for his conclusion that Mr. Lundgren's mental limitations were not disabling. Thus, the record indicates that a consultative examination was not "necessary or helpful to resolve the issue of impairment." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). Therefore, we conclude that the ALJ acted within the "broad latitude [afforded the Commissioner] in ordering consultative examinations." *Id.* at 1166.

Mr. Lundgren further argues that even though the ALJ tacitly decided not to obtain a consultative examination, he was required to explain his reasons. He relies on two unpublished district court decisions for his argument that the ALJ had a duty to address and give reasons for denying his request for a consultative examination: *Taylor v. Astrue*, No. 09-CV-0129-CVE-FHM, 2010 WL 3277426, at *2 (N.D. Okla.

- 5 -

Aug. 17, 2010) (remanding for the ALJ to develop the record concerning the claimant's expanded quarters of coverage and to consider whether additional consultative examinations were needed, given that the prior examinations were three years old); *Fortna v. Astrue*, No. 05-CV-587-SAJ, slip op. at 10-13 (N.D. Okla. May 1, 2007) (Aplt. Opening Br. Attach. C at 22-25) (remanding for the ALJ to address whether a consultative examination would be helpful, given that the existing test results were stale and it was doubtful whether they could be obtained).

Another panel of this court recently addressed whether an ALJ committed legal error when he did not explicitly rule on a request for a consultative examination, concluding that under the circumstances of that case, no error was committed. *Harlan v. Astrue*, No. 12-5082, 2013 WL 470489, at *5 & n.3 (10th Cir. Feb. 8, 2013). There, the court discussed *Taylor* and *Fortna*, noting that the "unpublished district court cases are not binding on this court," *id.* at *3, and further observing that neither case "cites authority requiring an ALJ to rule on a request for a consultative examination under any set of circumstances," *id.* at *4.

The *Harlan* claimant did not argue that the ALJ failed to develop the record or claim that the decision was not supported by substantial evidence, as Mr. Lundgren does here. *See id.* at *5 & n.3. As addressed above, Mr. Lundgren does argue that the ALJ failed to develop the record. But unlike in *Harlan*, the ALJ in this case explained to Mr. Lundgren and his attorney at the conclusion of the hearing that if after reviewing all the evidence he found additional development necessary, he would

notify them. Aplt. App. Vol. II at 49. Neither Mr. Lundgren nor his attorney

objected to this proposed procedure. In the written decision, the ALJ stated explicitly

that he had considered all of the evidence. *Id.* at 18, 21, 22. Therefore, under these

circumstances, we agree with the *Harlan* panel's conclusion that "[w]ithout a statute,

regulation, or case requiring an ALJ to rule on a request for a consultative

examination or to provide reasons for the ALJ's ruling, the appropriate inquiry

continues to be whether the ALJ met his responsibility to ensure the record was

sufficiently developed to decide the issues presented at the hearing." 2013 WL

470489, at *4 (citing *Grogan v. Barnhart*, 399 F.3d 1257, 1263-64 (10th Cir. 2005)).

As stated above, we perceive no error because the ALJ acted within the broad latitude

afforded him to decide whether a consultative examination was necessary or helpful.

We next address Mr. Lundgren's complaint that the ALJ did not credit

Mr. Hoffman's opinion that his ability to work was markedly limited in several areas

and that he was not able to return to work. The ALJ determined that because

Mr. Hoffman was a non-acceptable medical source, his opinion was not entitled to

significant weight.[1] The ALJ explained that Mr. Hoffman's opinion was "not

substantiated by objective testing or even subjective interpretation," and reports from

---

[1]     The ALJ mistakenly termed Mr. Hoffman a "non-medical source" rather than a "non-acceptable medical source." Nevertheless, the opinions from "other sources," which include "non-medical sources" and "non-acceptable medical sources," are evaluated using the same factors. *See* SSR 06-03p, 2006 WL 2329939, at *4; *see also Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007).

Family and Children's Services contradicted his opinions. Aplt. App. Vol. II at 23.

This explanation "is sufficient [because] it permits us to 'follow the adjudicator's reasoning.'" *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1164 (10th Cir. 2012) (quoting SSR 06-03p, 2006 WL 2329939, at *6). We further note that the ALJ instead relied on the opinion of Dr. Cherry, an acceptable medical source. *See* 20 C.F.R. § 404.1513(a)(2). That Dr. Cherry was an acceptable medical source and Mr. Hoffman was not "alone justifies reliance" on Dr. Cherry's opinion. *Keyes-Zachary*, 695 F.3d at 1164.[2]

Finally, we consider Mr. Lundgren's claim that the ALJ's credibility analysis was flawed. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation, internal quotation marks, and brackets omitted).

As the ALJ recognized, Mr. Lundgren produced objective psychological evidence that showed an impairment which could reasonably be expected to produce

---

[2] Mr. Lundgren argues that the ALJ was required to consider Mr. Hoffman's opinion that he also had *moderate* limitations in several areas. The ALJ's determination that Mr. Hoffman's opinions were not entitled to significant weight applies to that opinion, as well as to Mr. Hoffman's view that Mr. Lundgren had *marked* limitations.

the symptoms alleged. *See Luna v. Bowen*, 834 F.2d 161, 164 (10th Cir. 1987). The ALJ then considered all the evidence to determine that the symptoms were not disabling, *see Keyes-Zachary*, 695 F.3d at 1166-67, noting Mr. Lundgren's daily activities and part-time job, his learning of coping behaviors, his medication, and his progress in therapy. The ALJ found that "[e]ven with his affective disorder and anxiety disorder, [Mr. Lundgren could] remain attentive and carry out work assignments." Aplt. App. Vol. II at 21. Accordingly, the ALJ determined that Mr. Lundgren's claims of depression, panic attacks, nightmares, and flashbacks were "not credible to the extent they [were] inconsistent with [an ability to perform the identified jobs]." *Id.* at 22. We have examined the record as a whole and we conclude "that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence." *Hackett*, 395 F.3d at 1173. We may not "reweigh the evidence or substitute our judgment for the Commissioner's." *Id.* at 1172.

The judgment of the district court is affirmed.

Entered for the Court


David M. Ebel
Circuit Judge

- 9 -