FILED
United States Court of Appeals
Tenth Circuit

April 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUDE R. GONZALES,

   Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[*]

   Defendant-Appellee.

No. 12-2166
(D.C. No. 1:11-CV-01087-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[**]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Jude R. Gonzales appeals from a judgment of the district court affirming the

Commissioner's denial of his application for social security disability benefits.

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*]  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Gonzales claimed he had been unable to engage in substantial gainful employment since February 15, 2008, due to arthritis in the knees, diabetes, hearing loss, and memory loss. His claim was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on January 26, 2010. After reviewing the evidence and hearing testimony from Mr. Gonzales and a vocational expert (VE), the ALJ found that Mr. Gonzales suffered from the severe impairments of "[d]egenerative joint disease of the knees, flexion tendon contractions of the right ring and middle fingers, and diabetes mellitus." Aplt. App. Vol. II at 15. The ALJ then determined that Mr. Gonzales had the residual functional capacity (RFC) to perform his past relevant work as a legislative senior analyst and a highway department senior analyst. The ALJ therefore determined at step four of the controlling five-step sequential evaluation process, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005), that Mr. Gonzales was not disabled under the Social Security Act. The Appeals Council denied review. In the district court, the parties consented to have a magistrate judge conduct all proceedings and enter a final judgment. *See* 28 U.S.C. § 636(c)(1). The magistrate judge affirmed.

The magistrate judge provided a detailed summary of this case's procedural history, and we need not restate that material here. On appeal, Mr. Gonzales asserts (1) the ALJ erred in his step-three evaluation by failing to evaluate whether his knee condition met Listing 1.02 for major dysfunction of a joint; (2) the ALJ did not obtain an expert opinion to determine whether Mr. Gonzales's knee condition was

- 2 -

medically equivalent to Listing 1.02; (3) the magistrate judge's determination that these alleged step-three errors were harmless is reversible error; (4) the ALJ improperly discounted the opinion of the consulting radiologist, improperly used credibility factors to do so, and the error was not harmless; (5) the ALJ did not address evidence that was significantly probative of disability; (6) the ALJ erred in relying on the RFC assessments of the consulting physicians; (7) although the ALJ determined that Mr. Gonzales's diabetes was a severe impairment, he failed to impose any work restrictions due to his diabetes; (8) the ALJ erred in finding that Mr. Gonzales's diabetes was under control; (9) the ALJ's RFC findings are not supported by substantial evidence; and (10) the ALJ erred in discounting Mr. Gonzales's credibility.

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether she applied the correct legal standards. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271-72 (10th Cir. 2009) (internal quotation marks omitted).

In his thorough and well-reasoned memorandum opinion and order, the magistrate judge analyzed each of Mr. Gonzales's claims using the same standard that governs our review. We have reviewed the briefs, the record, and the applicable

law.  We conclude that the magistrate judge's analysis is correct and we see no reason to repeat that analysis here.  In particular, we observe that the magistrate judge determined the error in the ALJ's step-three consideration of Mr. Gonzales's knee condition to be harmless.  We have carefully reviewed that determination and conclude that the magistrate judge's analysis comports with this circuit's law on harmless error in social security cases.  *See Fischer-Ross*, 431 F.3d at 733-34 (stating remand to agency not required "when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review").  Accordingly, the judgment is affirmed for substantially the same reasons articulated in the magistrate judge's memorandum opinion and order dated August 7, 2012.

Entered for the Court

Monroe G. McKay
Circuit Judge