FILED
United States Court of Appeals
Tenth Circuit

August 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHERRI NICHOLS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 08-7109
(D.C. No. 6:07-CV-00267-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Sherri Nichols appeals from a judgment of the district court affirming the

Commissioner's denial of her application for Supplemental Security Income

payments. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

---

* After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Nichols was 52 years old at the time of the Commissioner's final decision. She completed the ninth or tenth grade, and her past work experience includes housekeeping and placing bar-code labels on garments. She claims to have been disabled since June 1, 2004, as a result of diabetes, hypertension, and arthritis. Because Ms. Nichols's arguments on appeal focus solely on her ability to stand and walk, our discussion of the evidence will be similarly limited.

At a hearing before an Administrative Law Judge (ALJ), Ms. Nichols testified that she can stand for only ten minutes before she gets tired and has to sit down. She has pain in her legs, feet, and back, her feet swell and get numb, and her thick toenails cause a lot of pain when she wears shoes. She stated that she used to walk to and from medical appointments, a round trip of four miles, although she required frequent rest stops and discontinued such walks on the advice of her doctor about two years before the hearing.

The ALJ determined that Ms. Nichols had two severe impairments, diabetes mellitus and essential hypertension, but alone and together they did not meet or medically equal one of the impairments listed in the Social Security regulations. At step four of the five-part sequential evaluation process, *see* 20 C.F.R. § 416.920(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps), the ALJ found that Ms. Nichols has the residual functional capacity (RFC) for a full range of light work and concluded that she

-2-

was not disabled because she could perform her past relevant work as a garment labeler.  The Appeals Council denied her request for review, making the ALJ's denial of benefits the agency's final decision.  The district court affirmed.

## II.  Discussion

We review the ALJ's decision to determine whether it is "free from legal error and supported by substantial evidence." *Fischer-Ross*, 431 F.3d at 731.  In making these determinations, "[w]e do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings[,] in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks and citation omitted).

Ms. Nichols raises two issues on appeal.  First, she contends that the ALJ erred in evaluating the opinion of Carolyn Stacy-Wilkin, a nurse-practitioner who examined her once some three months before the ALJ's decision. Ms. Stacy-Wilkin completed a form entitled "Medical Opinion Regarding Residual Functional Capacity" on which she indicated that Ms. Nichols could perform light work for only four hours a day and sedentary work for only six

hours a day because of fatigue and pain.  App. Vol. II at 182.  These limitations

would preclude light work, which generally requires the ability to stand and walk

up to six hours in an eight-hour work day.  *See* Social Security Ruling (SSR)

83-10, 1983 WL 31251, at *6 (S.S.A. 1983).  In further support of her opinion,

Ms. Stacy-Wilkin wrote, "Fatigue; uncontrolled Diabetes, Depression;

major/anxiety."  App. Vol. II at 182.

The ALJ gave this opinion "very little weight" because Ms. Stacy-Wilkin is

"not a doctor and is not an acceptable treating source."  *Id.* at 19.  He also wrote:

> Treating source opinions on the nature and severity of an individual's
> impairments are entitled to controlling weight only if the opinion is
> not inconsistent wit[h] other substantial evidence in the case
> (SSR 96-2p).  Moreover, pursuant to Social Security Ruling 96-5p,
> this issue of the individual's [RFC] is an administrative issue
> reserved to the Commissioner and are [sic] never entitled to
> controlling weight or special significance.

*Id.* at 19.

Ms. Nichols contends that under SSR 06-03p,[1] the ALJ was required to

apply the factors set out in 20 C.F.R. § 416.927(d) when evaluating the

nurse-practitioner's opinion but failed to do so.  We have summarized the

§ 416.927(d) factors as follows:

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,

---

[1]     Social Security Ruling 06-03p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006), is
titled: "*Titles II and XVI: Considering Opinions and Other Evidence from Sources
Who Are Not 'Acceptable Medical Sources' in Disability Claims; Considering
Decisions on Disability by Other Governmental and Nongovernmental Agencies.*"

including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (internal quotation marks omitted). By its terms, § 416.927(d) applies only to the evaluation of medical opinions given by "acceptable medical sources," such as licensed physicians. *See* 20 C.F.R. §§ 416.913(a)(2); 416.927(d). Nurse-practitioners fall within the category of "other sources" and are deemed to be "medical sources" who are not "acceptable medical sources." *Id.* § 416.913(d)(1).

Nevertheless, we will assume, without deciding, that the § 416.927(d) factors must be considered in evaluating Ms. Stacy-Wilkin's opinions. It is not necessary, however, for the ALJ to address each factor expressly or at length. First, "'not every factor for weighing opinion evidence will apply in every case.'" *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting SSR 06-03p, 2006 WL 2329939, at *5, with regard to identical factors under 20 C.F.R. § 404.1527(d)). Second, we do not require an explicit discussion of the factors in a decision. *Id.* All that is required is that "good reasons" are given in a decision, *id.*, and that "the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning,

when such opinions may have an effect on the outcome of the case[,]" SSR 06-03p, 2006 WL 2329939, at *6.

With these principles in mind, we turn to the ALJ's evaluation of Ms. Stacy-Wilkin's opinion that Ms. Nichols is limited to four hours of standing and walking per day. One of the factors used to evaluate opinion evidence is the treatment relationship; opinions from "treating sources" generally are entitled to more weight. 20 C.F.R. § 416.927(d)(2). After discussing the medical evidence, including evidence from treating sources, the ALJ noted that no restrictions had been placed on Ms. Nichols's "ability to perform basic work by any treating or examining physicians[,]" and her medical records from the Wewoka Indian Clinic, where Ms. Stacy-Wilkin worked, "indicate[d] routine care and medication refills." App. Vol. II at 19. The ALJ then turned to Ms. Stacy-Wilkin's opinion and afforded it "very little weight as she is not a doctor and is not an acceptable treating source." *Id.* This categorization was correct—a nurse-practitioner is not a "treating source." *See* 20 C.F.R. § 416.902 ("Treating source means [a claimant's] physician, psychologist, or other acceptable medical source . . . ."); *id.* § 416.913(d)(1) (listing nurse-practitioners among medical sources who are not "acceptable medical sources"). Several other factors also support the ALJ's rejection of Ms. Stacy-Wilkin's opinion. Although not expressly stated in the ALJ's decision, it is reasonably clear that the ALJ found her opinion to be inconsistent with the lack of work restrictions in the reports of treating sources

and with the routine care she received at the clinic. *See* 20 C.F.R.

§ 416.927(d)(4) (consistency with the record as a whole). Moreover, the record

reflects that Ms. Stacy-Wilkin saw Ms. Nichols only once, and her opinion

contains no meaningful discussion of the reasons supporting her conclusions. *See*

*id.* §§ 416.927(d)(2)(i) (length of treatment relationship) and (d)(3) (support for

opinion). The ALJ did not discuss these factors, but he was not required to; he

provided good reasons for giving little weight to the opinion, and that is all we

require. *See Oldham*, 509 F.3d at 1258.

The ALJ also rejected Ms. Stacy-Wilkin's opinion on Ms. Nichols's RFC

because it concerned an issue reserved to the Commissioner. Although opinions

on such issues are not binding on an ALJ, the ALJ "must evaluate all the evidence

in the case record to determine the extent to which the opinion is supported by the

record." SSR 96-5p, 1996 WL 374183, at *3 (S.S.A. July 2, 1996). As we have

discussed, the ALJ met this requirement.

Ms. Nichols's remaining argument is that the ALJ did not link to any

record evidence his implicit RFC finding that she can stand and walk for six hours

out of an eight-hour day. Because RFC measures "the most [a claimant] can still

do despite [her] limitations[,]" 20 C.F.R. § 416.945(a)(1), the ALJ's task was to

consider whether there was evidence that Ms. Nichols is limited in her ability to

stand and walk. As we have already observed, the ALJ appropriately gave little

weight to Ms. Stacy-Wilkin's opinion that Ms. Nichols could stand and walk for

only four hours, which was the only medical evidence suggesting a limitation on standing and walking. The ALJ also discussed the findings of Dr. Tobias, whose consultative examination revealed that Ms. Nichols walked "with a safe and stable gait at a little bit of a slowed speed without the use of assistive devices." App. Vol. II at 154. And a nonexamining consultative physician found her mental and physical limitations to be nonsevere, *id.* at 175, which means that they do "not significantly limit [the] physical or mental ability to do basic work activities[,]" 20 C.F.R. § 416.921(a). Although Ms. Nichols refers to her testimony that she had difficulty standing and walking, the ALJ found her not totally credible, and she has not challenged the credibility finding on appeal. Finally, she claims that the ALJ erred in emphasizing that she had been walking four miles round-trip to clinic appointments because she had stopped doing so two years before the hearing on the advice of her doctor. But, again, the ALJ questioned her credibility, and she has cited to no medical record, nor have we found any, supporting her claim that a doctor told her to stop walking to the clinic.

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge

-8-