**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TYLER HENDERSON,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, in his
capacity as Commissioner of the
Social Security Administration,

        Defendant-Appellee.

No. 09-4152
(D.C. No. 2:08-CV-678-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit
Judges.

---

Tyler Henderson appeals from the order entered by the district court

denying his applications for disability insurance benefits and supplemental

security income benefits under the Social Security Act. An administrative law

judge ("ALJ"), whose decision was upheld by the district court, determined that

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Henderson suffers from a severe back impairment, but concluded that impairment did not meet or equal the listed impairment for disorders of the spine, and so Mr. Henderson was not disabled at step three of the evaluation process. Relying on our decision in *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), Mr. Henderson asks us to hold the ALJ erred in failing to explain the basis for that conclusion. We agree and remand this case for the ALJ to set out his specific findings and reasons for determining whether Mr. Henderson is disabled at step three.

***

In his applications for benefits, plaintiff alleged that he was disabled due to a back injury, among other things. After conducting a hearing, the ALJ went through the five-part sequential evaluation process for determining disability and denied plaintiff's applications for benefits. Specifically, the ALJ found at step two that Mr. Henderson suffered from a number of "severe impairments," including "degenerative disc disease of the spine status post two laminectomies." Aplee. Supp. App., Vol. I at 21. However, for purposes of step three, he concluded that, "as borne out in the description of medical evidence" set forth in his decision, Mr. Henderson's impairments did not meet or equal Listing 1.04, which describes disorders of the spine. *Id*. Proceeding to step four, then, the ALJ found that Mr. Henderson could still perform limited sedentary work, and at step

five, he concluded Mr. Henderson was not disabled. *Id.* at 22, 32, 34. This appeal followed.

***

Mr. Henderson argues the ALJ committed reversible error by failing to discuss his reasons for finding that Mr. Henderson's back impairment did not meet or equal Listing 1.04 for disorders of the spine. We agree.

In *Clifton*, we reversed a decision denying a Social Security claimant disability benefits because the ALJ "did not discuss the evidence or his reasons for determining that [the claimant] was not disabled at step three," but instead "merely stated a summary conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment." 79 F.3d at 1009. Our decision was predicated on the fact that the ALJ's decision was a "bare conclusion . . . beyond meaningful judicial review." *Id.*

Later, in *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), we clarified that *Clifton* did not "reject the application of harmless error analysis." *Id.* at 733. In particular, we explained that a court could still affirm an ALJ's decision — despite the ALJ's failure to make specific step three findings — when "confirmed or unchallenged findings made elsewhere in the ALJ's decision [i.e., at steps four and five]" "conclusively preclude Claimant's qualification under the listings at step three" such that "[n]o reasonable factfinder could conclude otherwise." *Id.* at 734-35. In *Fischer-Ross*, the claimant alleged disability based

on carpal tunnel syndrome, lumbar spondylosis, and allergic rhinitis. *Id.* at 730. We found that, even though the ALJ failed to explain his conclusion at step three, his findings in other parts of the decision supported his determination that the claimant was not disabled at step three. With respect to claimant's lumbar spondylosis, for example, we noted that Listing 1.04 for spinal disorders requires a "limited range of motion," "the need for postural changes more than once every two hours," or "the inability to ambulate effectively." *Id.* at 735. We then concluded that because the ALJ found, at step four, that claimant was still capable of "sitting, standing, walking, for sedentary, light, and even medium work," and retained "the ability to lift at the light RFC level and to stoop, crawl, crouch and kneel occasionally," these findings "conclusively negate[d] the possibility . . . that Claimant is presumptively disabled under" Listing 1.04. *Id.*

In this case, the ALJ failed to discuss the particular evidence on which he relied and explain why he reached his conclusion at step three. Instead, he summarily concluded that, "as borne out in the description of medical evidence" set forth in the decision, Mr. Henderson "has not exhibited the signs or findings to meet or equal the requirements of" Listing 1.04. Aplee. Supp. App., Vol. I at 21. This conclusory statement is similar to the "bare conclusion" this court found problematic in *Clifton* and is insufficient to satisfy the ALJ's duty under *Clifton*. Moreover, this is not a case like *Fischer-Ross* where the ALJ's findings at steps four and five conclusively negate Mr. Henderson's claim under Listing 1.04. The

ALJ's discussion of the medical evidence pertaining to Mr. Henderson's back impairment is at best equivocal in terms of showing whether he meets or equals any of the subsections of Listing 1.04.

In this case, the ALJ's failure to explain his conclusion at step three – i.e. that Mr. Henderson's back impairment does not meet or equal subsection B of Listing 1.04 – was not harmless error. That subsection requires a disorder of the spine and evidence of a "spinal arachnoiditis" condition, "confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging" and "manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. Here, the ALJ, in describing the medical evidence, noted that in July 2005, Mr. Henderson received an MRI of his lumbar spine that revealed "a moderate recurrent central disc protrusion at L3/L4 and a small central disc protrusion at L4/5 consistent with fibrosis of the thecal sac and arachnoiditis." Aplee. Supp. App., Vol. I at 27. And the record reveals that, in 2007, Dr. Kendall, a specialist in physical medicine and rehabilitation, similarly diagnosed Mr. Henderson as suffering from, among other things, arachnoiditis. Aplee. Supp. App., Vol. II at 512. The record, meanwhile, also contains evidence that Mr. Henderson needs to change positions frequently due to his back impairment. For example, in June 2007, Dr. Kendall completed a "Physician's Assessment of Physical Capacities (Short Form)" in which he stated

-5-

that Mr. Henderson "[w]ill need frequent position changes." *Id.* at 513. And in fact, the ALJ concluded from the medical evidence before him that Mr. Henderson needs to change positions "every 20 to 30 minutes." Aplee. Supp. App., Vol. I at 22. There is thus certainly sufficient evidence in the record to create a question as to whether Mr. Henderson met the medical criteria for Listing 1.04(B), and there are no findings by the ALJ, like those in *Fischer-Ross*, that conclusively negate that possibility.

Seeking to avoid this result, the Commissioner argues that Mr. Henderson's spinal arachnoiditis was "resolved" by his second back surgery, and even if it wasn't, Mr. Henderson's condition did not result in severe "burning" or "painful dysesthesia," as required by Listing 1.04(B). Aplee. Br. at 24. The ALJ, however, made no findings on those issues, and on the record before us, we are not persuaded that the medical evidence conclusively establishes either assertion. Because we cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way," *Fischer-Ross*, 431 F.3d at 733-34 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)), we conclude that the ALJ committed reversible error at step three.[1] Consequently, we reverse and remand for a redetermination,

---

[1] The Commissioner has put forth strong arguments to the effect that the medical evidence does not show that Mr. Henderson's back impairment meets or equals subsections A and C of Listing 1.04. *See* Aplee. Br. at 24-25. We express no

(continued...)

-6-

in accordance with *Clifton*, of whether Mr. Henderson is disabled at step three of the evaluation process. We leave it to the discretion of the Commissioner to decide whether additional medical evidence or opinions should be obtained from either Mr. Henderson's treating physicians or consultative physicians in order to make the required disability determination.[2]

*****

The order of the district court is reversed, and this case is remanded to that court with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

---

[1](...continued)
opinion on that score given the necessity for a remand based on subsection B of that listing.

[2] Because we remand for additional proceedings at step three, we need not reach the other issues Mr. Henderson has raised concerning whether the ALJ also erred at steps four and five. *See Clifton*, 79 F.3d at 1010.