FILED
United States Court of Appeals
Tenth Circuit

July 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLYDE E. MEGGINSON,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 11-1520
(D.C. No. 1:10-CV-01485-REB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Clyde E. Megginson is appealing the order entered by the district court

affirming the decision of the Commissioner of Social Security denying his

application for disability insurance benefits based on the residual effects of a stroke

that he suffered in 2003. Mr. Megginson claims the Administrative Law Judge (ALJ)

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

committed reversible error under the Social Security Act by determining that he could perform his past relevant work as a convenience store clerk. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we conclude that the ALJ's denial of benefits is free of legal error and supported by substantial evidence. We therefore affirm.

The ALJ denied Mr. Megginson's application for disability insurance benefits at step four of the five-step sequential evaluation process for determining disability. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps). Specifically, the ALJ found that: (1) Mr. Megginson has not engaged in substantial gainful activity since September 1, 2003; (2) Mr. Megginson suffers from "[r]esiduals of a cerebrovascular accident with right sided numbness and diabetes mellitus," Joint Appendix at A45, and these conditions are severe impairments; (3) Mr. Megginson's impairments do not meet or equal any listed impairment under the controlling regulations; (4) Mr. Megginson has the residual functional capacity to perform light work but is restricted from work involving concentrated exposure to hazards; and (5) Mr. Megginson is capable of performing his past relevant work as a convenience store clerk, because "[t]his work does not require the performance of work-related activities precluded by [his] residual functional capacity." *Id.* at A50 (bold print omitted).

The Appeals Council denied Mr. Megginson's request for review of the ALJ's decision. He then filed a complaint in the district court. The district court affirmed the ALJ's denial of benefits, and this appeal followed.

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the ALJ's decision only "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal*, 331 F.3d at 760. Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). It "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

On appeal, Mr. Megginson claims that: (1) the ALJ failed to properly evaluate the medical evidence; (2) the ALJ failed to properly consider the disability determination by the Department of Veterans Affairs; (3) the ALJ failed to properly

- 3 -

evaluate his subjective complaints; and (4) the ALJ erred by finding that he could perform his past relevant work as a convenience store clerk.

We begin by commending both sides for the excellent briefs submitted to this court. In particular, we note that both sides have thoroughly and accurately discussed the medical evidence in the record. *See* Aplt. Opening Br. at 5-16; Aplee. Br. at 3-14. We have also been impressed by the quality of the arguments advanced by both sides on the question of whether the ALJ properly evaluated the medical evidence in the record, especially as this issue relates to the ALJ's evaluation of the opinions of Dr. Shastri, one of Mr. Megginson's treating physicians. *See* Aplt. Opening Br. at 21-29; Aplee. Br. at 23-32. That said, after carefully considering the record on appeal, we believe a summary affirmance is in order. First, like the district court, we "cannot find that the ALJ erred in discrediting [Dr. Shastri's] opinions as unsupported and/or contradicted by the other medical evidence of record." Joint App. at A715. As the district court explained, "[c]ontrary to plaintiff's assertion, the ALJ did not simply dismiss Dr. Shastri's opinion[s] without analysis, but carefully examined each of her suggested limitations, referring to and discussing other evidence of record that undermined her relative[ly] brief and conclusory opinions." *Id.* (citing Joint App. at A49-A50).

Second, the medical records from the VA Medical Center in Baltimore regarding the treatment that Mr. Megginson received in 2007 and 2008 do not document any disabling limitations related to Mr. Megginson's diagnosed thrombosis

and arteriosclerotic heart disease. Instead, as the ALJ found, Mr. Megginson's "VA treating notes fail to give any findings concerning these two impairments." Joint App. at A50. As a result, we conclude that the ALJ properly refused to be bound by the determination of the Department of Veterans Affairs in June 2008 that these conditions were permanently and totally disabling.

Third, we conclude that the ALJ's thorough review of Mr. Megginson's medical records supports his adverse credibility finding in this case. *See* Joint App. at A46-A50; *see also* 20 C.F.R. § 404.1529(c)(4) ("we will evaluate your statements in relation to the objective medical evidence," and "[w]e will consider . . . the signs and laboratory findings, and statements by your treating or nontreating source . . . about how your symptoms affect you"). On this point, we agree with the Commissioner that "[t]he fact that clinical examinations routinely showed a normal gait and full (5/5) muscle strength, grip strength, and range of motion in his right arm undermined Megginson's allegations, as the ALJ explained." Aplee. Br. at 33 (record citations omitted). We also reject Mr. Megginson's claim that the ALJ erred by failing to consider his "extensive testimony on his symptoms, limitations, daily activities, and lack of improvement with treatment." Aplt. Opening Br. at 35. As this court has pointed out, "[c]ontrary to plaintiff's view, our opinion in *Kepler* [*v. Chater*, 68 F.3d 387 (10th Cir. 1995)] does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he

relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Finally, having found no legal or factual errors related to the first three issues raised by Mr. Megginson, we reject his argument that the ALJ erred in determining at step four that he had the residual functional capacity to perform his past "light" work as a convenience store clerk.

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Mary Beck Briscoe
Chief Judge